IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
Columbia Division

| | |
|---|---|
| Melvin DeWitt, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Civil Action No.: |
| U.S. Department of the Army, Fort Jackson, South Carolina, | ) ) ) ) |
| Defendant. | ) ) |

## COMPLAINT

1.  The Plaintiff is a citizen and resident of Richland County, South Carolina and over the age of twenty-one (21) years.

2.  That the Defendant is an Agency of the United States Government.

3.  That this Court has jurisdiction pursuant to the Federal Tort Claims Act (FTCA) 28 U.S.C. §§ 2671 - 2680.

4.  That the Plaintiff filed a claim with the Department of the Army on or about August 29, 2013, and filed an Amended Claim on or about August 2, 2014. The Defendant denied the Plaintiff's claims on or about September 22, 2015 and the Plaintiff has exhausted his administrative remedies.

5.  That the Plaintiff would allege and show unto the Court that his Administrative Complaint alleged that the Defendant and its Agents had violated his civil rights by falsely arresting him without probable cause; had maliciously prosecuted him; had abused the criminal process; had committed libel, slander and defamation against him; had unlawfully demoted him

1

at his place of employment and denied him his constitutional rights.

6. That the Plaintiff would allege and show that he was a Transportation Inspector assigned to the Directorate of Logistics, Supply, and Service at Fort Jackson, South Carolina, and was a civilian employee.

7. That the Plaintiff, while on lawful business at Fort Jackson, South Carolina, was arrested on or about October 21, 2011, and charged with Simple Assault by Officer Carlos Monay of the Office of Military Police Investigations, The Plaintiff was handcuffed in his office and taken to the Military Police Station. He was released after being detained for over four (4) hours. That on October 21, 2011, the Plaintiff was placed on administrative leave by his supervisor as a result of his arrest. Eleven (11) months later, Plaintiff was given a Summons to appear for trial in the United States District Court for the District of South Carolina on the charge of Simple Assault for allegedly assaulting a soldier at the Post Exchange. These charges were dismissed by the United States District Court on February 11, 2013.

8. That the Plaintiff owns and operates a private security company, G & I Security Company, which is licensed by the State Law Enforcement Division (SLED), and that the Defendant's Agent, Carlos Monday, subsequently maliciously and in bad faith, notified the State Law Enforcement Division (SLED) of Plaintiff's arrest. The Plaintiff was thereafter notified by the State Law Enforcement Division (SLED) that it intended to revoke his license. The Plaintiff's security license was wrongfully suspended for over twenty-seven (27) days as a result of Agent Monday's malicious and bad faith disclosure of Plaintiff's arrest to the State Law Enforcement Division (SLED). The Plaintiff incurred legal expenses in order to have the license revocation removed from his record.

9. That the Plaintiff would allege and show unto the Court that on January 15, 2013, the Plaintiff was arrested and charged with Witness Tampering/Intimidation and Impersonating a Law Enforcement Officer. The Plaintiff was arrested in his office by Agent, Carlos Monday, and again taken to the Military Police Station where he was detained for over three (3) hours before he was released.

10. That the Plaintiff was notified on January 15, 2013, by letter from the Office of the Garrison Commander that his access to Fort Jackson was being restricted as a result of his arrest.

11. That on or about January 15, 2014, the United States Attorney for the District of South Carolina declined to prosecute the charges of Impersonating a Law Enforcement Agent and Witness Tampering/Intimidation, and all charges were Nolle Prosequi.

12. That despite the fact that all charges in either incident were dismissed in Plaintiff's favor, he was suspended from his civilian employment, demoted, transferred, and detailed to other positions at Fort Jackson, South Carolina.

13. That the Plaintiff alleges that he was not engaged in any criminal acts as charged by the Defendant's Agents and his arrests were without probable cause and in violation of his constitutional rights.

14. That the Plaintiff alleges that as the direct consequences and result of the acts of the Defendant's Agents unlawfully arresting the Plaintiff, that the Plaintiff was unlawfully demoted and reassigned. That as a result, Plaintiff has lost wages, promotion opportunities and bonuses, and incurred attorney fees in challenging his unlawful and illegal demotion; his false arrest; his false imprisonment and his malicious prosecution by the Defendant's Agents.

15. That a s a direct and proximate result of the actions of the Defendant and it Agents,

the Plaintiff has suffered damages and incurred legal fees in defending these frivolous criminal charges, the Plaintiff has suffered mental pain and suffering, nervousness, anxiety, emotional distress, humiliation, embarrassment, injury to his reputation and person, lost wages and lost earnings from his private security business, and attorneys fees for having to defend himself.

## FOR A FIRST CAUSE OF ACTION

16. Each and every allegation of paragraphs one (1) through fifteen (15) is realleged as if repeated verbatim herein.

17. That the Plaintiff was arrested twice without probable cause, and Defendant's Agents infringed his personal liberty, and violated his constitutional rights to be free from illegal seizure of his person, and the infringement of his personal liberty as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

18. That the Plaintiff, as a direct and proximate result of the unlawful and unconstitutional; arrests, has suffered pain and suffering, humiliation, embarrassment, anxiety, depression, emotional distress, lost opportunities, lost wages, and has incurred attorneys fees.

19. That the Plaintiff is informed and believes that he is entitled to actual and punitive damages and attorneys fees.

## FOR A SECOND CAUSE OF ACTION

20. Each and every allegation of paragraphs one (1) through nineteen (19) is realleged as if repeated verbatim herein.

21. That the Plaintiff was unlawfully and unconstitutionally restrained by Agents of the Defendant's on October 21, 2011, and again on January 15, 2013. The Plaintiff was placed in handcuffs and detained at the Military Police Station for several hours on each occasions. This

4

restraint was intentional, unlawful, and without probable cause. The Plaintiff was falsely imprisoned by the Defendant"s Agents who acted wilfully, wantonly and recklessly. Plaintiff has a constitutional right to liberty which was intentionally violated by the Defendant's Agents. That the Plaintiff, as a direct and proximate result of the wilful, wanton, and reckless acts of the Defendant's Agents has suffered pain and suffering, humiliation, embarrassment, mental anguish, anxiety, depression, emotional distress, loss of wages and loss of time, loss of business and has incurred attorneys fees in defending these charges.

22. That the Plaintiff is informed and believes that he is entitled to actual and punitive damages and attorneys fees.

## FOR A THIRD CAUSE OF ACTION

23. Each and every allegation of paragraphs one (1) through twenty two (22) is realleged as if repeated verbatim herein.

24. That the Plaintiff is informed and believes that the Defendant's Agents instituted and continued unlawful judicial proceedings which were terminated in Plaintiff's favor. The charge of Simple Assault was dismissed by the United States District Court and the charges of Intimidation/Witness Tampering and Impersonating a Law Enforcement Officer were Nolle Prosequi by the United States Attorney for the District of South Carolina. That the Plaintiff has a constitutional right to be free from such malicious prosecution.

25. That the Defendant's Agents acted with malice and bad faith in commencing these judicial proceedings, and in notifying the South Carolina Law Enforcement Division (SLED) of the charges in order to interfere with the Plaintiff's private investigators license and to cause financial harm to the Plaintiff.

5

26. That the Plaintiff is informed and believes that there was no probable cause for further issuance of any warrants, and the Defendant's Agents acted with the deliberate, intentional purpose to injure the Plaintiff without just cause or excuse.

27. That the Plaintiff, as a direct and proximate result of the unlawful and unconstitutional acts of the Defendant's Agents, has suffered pain and suffering, injury to his reputation and person, humiliation, embarrassment, anxiety, depression, emotional distress, lost wages, lost opportunities and has incurred attorneys fees.

28. That the Plaintiff is informed and believes that he is entitled to actual and punitive damages in the amount of Twenty Million and 00/100 ($20,000,000.00) dollars, and attorneys fees.

WHEREFORE, Plaintiff claims actual and punitive damages from the Defendant along with his attorneys fees and costs.

I declare under penalty of perjury that the foregoing is true and correct,

Columbia, South Carolina

February /8   2016

*Melvin DeWitt* (signature)
Melvin DeWitt
208 Woodlands Ridge
Columbia, South Carolina 29229